FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH C., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:20-CV-00297-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney Jeffrey Schwab represents Elizabeth C. (Plaintiff); Special Assistant United States Attorney Katherine B. Watson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment;

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.  JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on September 7, 2016 alleging disability since November 1, 2011, due to PTSD, migraines, myasthenia gravis, left knee dislocation, fatigue, memory problems, anxiety, and weak immune system. Tr. 21, 205-06, 235. At the hearing, Plaintiff amended her alleged onset date to May 1, 2015. Tr. 21, 44. The application was denied initially and upon reconsideration. Tr. 89-91, 93-95. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on July 24, 2019, Tr. 21, 40-64, and issued an unfavorable decision on August 5, 2019. Tr. 18-39. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 202-204. The Appeals Council denied the request for review on June 25, 2020. Tr. 1-6. The ALJ's August 5, 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 20, 2020. ECF No. 1.

## II.  STATEMENT OF FACTS

Plaintiff was born in 1984 and was 31 years old on the amended alleged onset date and 33 years old on the date last insured. Tr. 31. Plaintiff completed two years of college and has worked as a medical assistant. Tr. 309.

## III.  STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On August 5, 2019, the ALJ issued a decision finding Plaintiff was not disabled, as defined in the Social Security Act, through her date last insured of December 31, 2017. Tr. 18-39.

At **step one**, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2017, and that she had not engaged in substantial gainful activity during the period from her amended onset date, May 1, 2015, through her date last insured. Tr. 23.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: migraine headaches, carpal tunnel syndrome (CTS), obesity, and depression. Tr. 24.

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 24-25.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found through the date last insured, Plaintiff could perform a full range of work at all exertional levels, but with the following nonexertional limitations:

> she should avoid concentrated exposure to extreme cold and heat; pulmonary irritants such as fumes, odors, dusts, and gases; and workplace hazards such as working with dangerous machinery and working at unprotected heights. She can frequently handle and finger. She can have superficial interaction with coworkers and occasional, superficial interaction with the public. She must have a restroom available at her worksite.

Tr. 25.

At **step four**, the ALJ found through the date last insured Plaintiff was unable to perform any past relevant work. Tr. 31.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

At **step five** the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of laundry laborer, machine feeder, and sand blaster. Tr. 32.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, May 1, 2015, through December 31, 2017, the date last insured. Tr. 33.

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ conducted a proper step-two analysis; (3) whether the ALJ conducted a proper step-three analysis; (4) whether the ALJ properly evaluated Plaintiff's subjective complaints; and (5) whether the ALJ conducted a proper step-five analysis. ECF No. 18 at 2.

## VII.   DISCUSSION

A.   **Opinion Evidence.**

Plaintiff argues the ALJ improperly rejected the opinion of Anna S. Garcia, LMHC. ECF No. 18 at 10-11.

An ALJ may discount the opinion of an "other source," such as a therapist if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). On November 15, 2016, Plaintiff's mental health counselor Ms. Garcia provided a letter on Plaintiff's behalf. Tr. 452. Ms. Garica reported she met with Plaintiff once a week at Plaintiff's home and that

Plaintiff's diagnoses included PTSD, major depressive disorder, and anxiety. *Id*. She reported Plaintiff tends to isolate, has to challenge herself to engage with others and often forgets things. *Id.* She reported while medication reduced the severity of Plaintiff's depressive symptoms, "most days the physical weakness and lethargy prevail" and that Plaintiff "struggles to motivate herself throughout the day and requires prompting to cook for and feed herself and even complete daily hygiene." *Id.* She reported they were working on Plaintiff's "past trauma, addressing self-esteem and anxiety symptoms with limited success" and that while Plaintiff was making progress, "she still struggles to be around males and public situations lead to extreme anxiety and often panic attacks." *Id.* She opined Plaintiff "will likely continue to have difficulties obtaining and maintaining employment as she has extreme difficulty coping with her day to day obligations, remembering and/or having the motivation to complete the tasks that need to be completed each day, such as her own self-care and maintenance of her household." *Id.* She further opined, "during the last 10 months and given lack of progress and combination of her mental and physical limitations, [Plaintiff] has not stabilized long enough to allow for the additional stressors that employment would present." *Id.*

      The ALJ gave Ms. Garcia's statement little weight because it "fails to identify any vocationally specific mental limitations and is essentially a statement that the claimant cannot work" and "[a] statement that a claimant 'cannot work' is not a medical opinion, but a legal conclusion that is reserved to the Commissioner." Tr. 31. Plaintiff argues this is not a germane reason to reject Ms. Garcia's statement, as Ms. Garcia assessed specific limitations in Plaintiff's ability to adapt or manage herself including handling day to day obligations and interacting with others. ECF No. 18 at 11. Defendant argues the ALJ reasonably discounted the statement of Ms. Garcia. ECF No. 19 at 17-18.

      The Court finds the ALJ erred by failing to provide germane reasons to reject Ms. Garcia's opinion. In order to understand a person's functional

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

limitations an ALJ must consider evidence including observations, opinions, or conclusions by mental health providers on such matters as the individuals ability to cope with stress, the ability to relate to other people, and the ability to function in a group or work situation; and the Social Security regulations state that a limited ability to carry out certain mental activities, including limitations in understanding, remembering, and responding appropriately to supervision and coworkers, may reduce a person's ability to work, as such mental activities are critical to work performance. 20 C.F.R. § 404.1545(c); SSR 85-16. The Social Security regulations also "give more weight to opinions that are explained than to those that are not." *Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir. 2011). Here, Ms. Garcia explained due to mental health symptoms Plaintiff had difficulty with memory, concentration, multiple activities of daily living including preparing meals and performing daily hygiene, and difficulty with social functioning, including difficulty interacting with men and the public, which are all mental limitations relevant to her ability to work. Tr. 452; *see* SSR 85-16. The ALJ did not provide analysis or discussion of Ms. Garcia's opinion and the ALJ's summary conclusion that Ms. Garcia failed to identify any vocationally specific mental limitations is not supported by substantial evidence.

      Furthermore, the ALJ did not provide germane reasons for giving Ms. Garcia's less weight; the ALJ dismissed her statement without analysis, concluding that it was "essentially a statement that the claimant cannot work, and therefore an ultimate issue of disability reserved to the Commissioner." Tr. 31. Defendant is correct that whether or not a claimant is disabled is an issue reserved for the ALJ and not due any special significance. ECF No. 19 at 17; *see* 20 C.F.R. § 404.1527(d). However, Ms. Garcia's statement that Plaintiff had not "stabilized long enough to allow for the additional stressors that employment would present" is not a conclusory statement that she is disabled. *See Hill v. Astrue*, 698 F.3rd 1153, 1160 (9th Circuit. 2012) (a physician's statement that the client would be

"unlikely" to work full time was not a conclusory statement like those described in 20 C.F.R. §§ 404.1527(d), 416.927(d)). Further, she explained and supported her opinion. Ms. Garcia's full statement provides information about Plaintiff's functioning and mental limitations.

Accordingly, here the ALJ failed to offer reasons, supported by substantial evidence, for discounting Ms. Garcia's opinion. Upon remand, the ALJ is instructed to reconsider Ms. Garcia's opinion with the assistance of psychological medical expert testimony, and to reevaluate all medical and other opinion evidence in completing the five-step process.

B.     **Step Two and Step Three Findings.**

Plaintiff contends the ALJ erred by failing to consider her impairments of anxiety, PTSD, and bipolar disorder at step two, ECF No. 18 at 13-15, failing to mention listings 12.06 and 12.15 at step three, failing to properly consider listing 11.02, and failing to find Plaintiff disabled at step three. ECF No. 18 at 11-13. Defendant argues the ALJ reasonably evaluated the severity of Plaintiff's mental impairments and reasonably concluded Plaintiff's impairments did not meet or equal a listing. ECF No. 19 at 3, 12.

Having determined a remand is necessary to readdress the opinion evidence the Court declines to reach the step two and step three issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

The ALJ is instructed on remand to reconsider the full medical record and revise or make additional step two and step three findings if warranted.

C.     **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 18 at 15-20. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at

1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 26.

The ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations largely relies on the ALJ's assessment of the opinion evidence. Having determined a remand is necessary to readdress the opinion evidence, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims. Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record. *See Hiler*, 687 F.3d at 1212 ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

D.   **Step Five Findings.**

Plaintiff contends the ALJ erred by posing an incomplete hypothetical to the vocational expert. ECF No. 18 at 20. As the case is being remanded for the ALJ to

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

properly address the medical opinion evidence, the ALJ is instructed to make findings on all of the steps of the sequential evaluation process, including step five, with the assistance of vocational expert testimony.

### VII.  CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ is instructed to call a psychological medical expert and to reevaluate the opinion evidence and all the medical evidence of record, making findings on each of the five steps of the sequential evaluation process. The ALJ shall take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 13, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE